625 P.2d 580
**William C. MARCHIONDO, Petitioner,**

v.

**Robert A. BROWN et al., Respondents.**

No. 13440.

Supreme Court of New Mexico.

Feb. 24, 1981.

Rehearing Denied March 25, 1981.

Romero & Vigil, Michael E. Vigil, Albuquerque, for petitioner.

Johnson & Lanphere, Eric Lanphere, Albuquerque, Thomas McKenna Albuquerque, Keleher & McLeod, John B. Tittmann, Albuquerque, for respondents.

## DECISION

FEDERICI, Justice.

Prior to January 28, 1980, and also during the interim between January 28, 1980 and October 27, 1980, plaintiff-appellant had filed motions to compel answers to depositions of at least one defendant and one witness. These motions were denied by the trial court.

On January 28, 1980, defendants-appellees (Robert Brown, et al) filed a motion to dismiss or in the alternative for summary judgment in the district court, Bernalillo County, No. CV 75–02838. This motion was joined in by other party defendants. Defendants also filed at that time a motion to postpone ruling on the previous motions which had been filed by plaintiff to compel answers to depositions.

On October 27, 1980, the trial court entered its order on the motion to dismiss and for summary judgment in the following words:

## ORDER ON MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT

The above motions having come on for hearing, the Court having heard the arguments of counsel, having considered all matters of record, and being otherwise fully advised in the premises,

Finds:

1. *Editorial—McBride may not be eligible.* Defendants' Motion to Dismiss should be granted. The reference to plaintiff is not libelous per se; the contribution to McBride is admitted by plain-

tiff; is a matter of public record and publication thereof is privileged. The statement complained of is an idea or opinion and is constitutionally protected.

2. *Editorial—Our Choice—Joe Skeen.* The Motion to Dismiss should be denied. The plaintiff has stated a claim upon which relief may be granted.

3. *Paid political advertisement—Cronies.* The Motion to Dismiss and/or for Summary Judgment should be granted. The advertisement is not libelous; is a statement of opinion, and is constitutionally protected.

4. *Article—Organized Crime showing interest in New Mexico—Photograph of plaintiff.* The article together with the photograph and its positioning states a claim upon which relief may be granted. Defendants' Motion to Dismiss should be denied.

5. *Public Figure.* The defendants have failed to show by clear and convincing evidence or by a preponderance of the evidence that the plaintiff is a public figure for all purposes or for limited purposes. The Court, therefore, finds as a matter of law that the plaintiff is not a public figure.

6. *Actual Malice.* The defendants have shown in the record a complete lack of actual malice attendant to their publication of the articles in question, and plaintiff has failed to come forward with any evidence of actual malice. The Motion for Summary Judgment on this issue should be granted.

It is therefore ordered, adjudged and decreed that:

1. All causes of action of any kind whatsoever based upon the *Editorial— McBride may not be eligible,* and the *Paid political advertisement—Cronies* are hereby dismissed with prejudice against all parties to this action.

2. The Motions to Dismiss directed to the *Editorial—Our Choice—Joe Skeen* and the *Article—Organized Crime showing interest in New Mexico* are denied.

3. As a matter of law, the plaintiff William Marchiondo is not a public figure

for all purposes or a public figure for limited purposes.

4. The defendants acted without actual malice in the publication herein, therefore, any and all claims for presumed or punitive damages are denied.

5. Any and all matters raised by the various motions to dismiss or for summary judgment not specifically ruled on herein are reserved for later decision or trial.

On November 12, 1980, the trial court entered its order certifying interlocutory appeal to the Court of Appeals from the court's order on the motion to dismiss and for summary judgment. The order of certification contained the appropriate language for the certification.

On November 24, 1980, plaintiff filed an application for interlocutory appeal in the Court of Appeals, No. 4932.

On December 1, 1980, the Court of Appeals, by order signed by Chief Judge Joe W. Wood and Judge William R. Hendley, denied the application.

On December 4, 1980, plaintiff filed a motion for rehearing with the Court of Appeals. This motion was denied on December 8, 1980. On that same date, plaintiff filed a motion requesting that his motion for rehearing be distributed to each member of the court. This motion was denied by order entered on December 8, 1980. The order was signed by Chief Judge Joe W. Wood, and Judges Ben Hernandez and William R. Hendley.

On December 17, 1980, plaintiff filed with the Supreme Court his petition for writ of certiorari directed to the Court of Appeals.

We have reviewed the petition for writ of certiorari, the exhibits attached thereto, and the briefs which accompanied the application. We have also reviewed the Court of Appeals record of proceedings. Based upon the above, a majority of this Court is of the opinion that the order dated October 27, 1980, entered by the trial court on defendant's motion to dismiss and for summary judgment, involves controlling questions of law as to which there are substantial

grounds for difference of opinion and an immediate appeal from said order may materially advance the ultimate termination of the litigation.

It is therefore ordered that the order of the Court of Appeals denying plaintiff's application for an interlocutory appeal is reversed and, in the interest of time and economy for all concerned, plaintiff is hereby granted an interlocutory appeal directly to the Supreme Court.

IT IS SO ORDERED.

EASLEY, C. J., SOSA, Senior Justice, and PAYNE and RIORDAN, JJ., concur.